## Tejchman v. Wagner

*Frank Kernan,* for plaintiffs.

*Robert S. Grigsby,* for defendants.

McLEAN, J., February 28, 1967.—This is an action in trespass asserting malpractice on the part of the

two defendant dentists who treated wife plaintiff. The theory of plaintiffs is that defendant dentists failed to detect and treat an infection that developed in the mouth of wife plaintiff during the course of their treatment of her, which infection subsequently spread through wife plaintiff's body and caused her serious injuries and damages. Doctor Witt is the dentist who was engaged by wife plaintiff to make dentures for her, and Doctor Wagner was the dentist to whom she was referred by Doctor Witt for the extraction of her teeth and for the initial installation of the dentures made by Dr. Witt.

Plaintiffs took the oral deposition of Doctor Witt for discovery purposes, and plan to take the deposition of Doctor Wagner for the same purpose. During the deposition of Dr. Witt, on the advice of his counsel he declined to answer certain questions put to him on the ground that the questions called for the expression of an expert opinion by him. When some 10 or 11 such objections and refusals to answer were made during the deposition, counsel agreed to suspend completion of the deposition until rulings could be obtained from the court on the propriety of the refusals to answer. The matter is before the court on plaintiffs' motion for sanctions to compel answers to the several such questions.

The controlling authority is rule 4011(f) of the Pennsylvania Rules of Civil Procedure, which provides as follows:

"No discovery or inspection shall be permitted which . . .

"(f) would require a deponent, whether or not a party, to give an opinion as an expert witness, over his objection".

As pointed out by Messrs. Amram and Schulman in their article in 33 Pa. Bar Association Quarterly 505 (1962), neither rule 4011(f) nor the leading case of

Evans v. Otis Elevator Company, 403 Pa. 13 (1961), attempts to define exactly the difference between "facts" and "opinion as an expert witness". These authors aptly point out that there is necessarily a great middle ground between the two extremes, and classification of questions must be determined in each individual case.

Our view is that defendant in a medical malpractice case is no different from defendant in any other case, insofar as his obligation to supply information in discovery is concerned. However, the well known difficulty of obtaining expert witnesses to testify in support of plaintiffs' malpractice cases cannot be asserted to permit circumvention of the barrier raised by rule 4011(f) permitting a witness to decline to give an opinion as an expert.

We will rule on the specific objections raised in this case.

1. Doctor Witt testified repeatedly through the deposition that he never saw infection in the mouth of wife plaintiff. At page 22 of the deposition, he was asked what he would have done had he seen an infection in her mouth, to which he replied that he would have sent her to Doctor Wagner. Counsel for plaintiff asked: "Q. Would that be in his field to treat?" An objection was made asserting that this question called for an expert opinion. The objection is overruled on the ground that the fair intendment of the question was to ascertain which of the two attending dentists would have had jurisdiction of the treatment of infection in the mouth of *this* patient, had such infection been perceived.

2. On page 24, Doctor Witt was asked: "Q. Do you know, in the dentistry profession, what kind of dentists treat infections in the mouth?" The objection to this question is sustained, on the ground that it calls for an expert opinion on the composition of the dentistry pro-

fession and its specialties, if any, having no specific bearing on the treatment of wife plaintiff.

3. At page 24, Doctor Witt was asked, in effect, whether he usually sent his patients to some other type of dentist when he found infection in them. The objection to this question is sustained as calling for an opinion and not related to the treatment of this plaintiff. It may be noted, however, that it would be proper to ask Doctor Witt whether it would have been within the sphere of his treatment of this patient to have treated the specific infection plaintiff suffered, had Doctor Witt known of it.

4. At page 25, Doctor Witt testified that in his practice, he has in fact treated infections. When asked what treatment he uses in treating infections, he answered that one would have to specify the infection meant. An objection was then entered to this question: "Q. Can you tell me the different types of infection that we may be talking about?" The objection to this question is sustained as calling for an expert opinion not directly related to the patient.

5. At page 26, Doctor Witt testified that he can tell when a person's mouth is infected, that there are infections readily recognizable and "a minor infection which nobody would recognize". At pages 26 and 27, the doctor was asked whether he is able to recognize infections that might not be so apparent to a person without dental knowledge. The question was objected to as not referring to plaintiff and, on that ground, the objection is sustained as calling for expert opinion.

6. At page 28, the doctor was asked, in effect, what he was taught in school to do upon discovering any abscessed condition in a patient's mouth. The objection is sustained as calling for expert opinion.

7. At page 29, defendant was asked: "Q. Now do you know what is commonly done by general practitioners when they come upon abscesses or infections in

the mouth?" The objection is sustained, as the question calls for an expert opinion not related to this plaintiff.

8. At page 29 the doctor was asked: "Q. Have you ever had occasion to lance infected areas?" The objection is sustained, as the question is in the realm of expert opinion not related to this patient. It should be mentioned again that Doctor Witt repeatedly denied that he ever saw an infection in plaintiff.

9. The next question at page 29 is somewhat ambiguous. If the question inquires whether the procedure followed in the sequence of removal of teeth and substitution of dentures done for this patient was Doctor Witt's ordinary or common way of proceeding, the question is proper and an objection to it is overruled. However, if the inquiry is whether the procedure followed with plaintiff was the ordinary or common way of proceeding in the dental profession, the objection is sustained, since the question calls for an expert opinion.

10. The final objection is at page 31. Doctor Witt testified that the last time that he saw wife plaintiff, he did not see any danger of infection spreading through her body. He was then asked: "Q. Is such a danger something you have been taught to guard against?" The objection is sustained, again on the ground that the question is in the realm of expert opinion.

An order will be entered directing the resumption of Doctor Witt's deposition. Of course, our rulings here are for a discovery deposition and are not intended to apply to the crossexamination of Doctor Witt in the event that he testifies at trial.

### Order

And now, February 28, 1967, upon consideration of plaintiffs' motion for sanctions, and following oral argument and consideration of written briefs, it is ordered that the deposition of defendant Nathan A. Witt

be resumed at the office of P. J. McArdle, Esq., 1300 Allegheny Building, Pittsburgh, Pa., at a date and time to be agreed upon by counsel for the parties, and that the deposition proceed consistently with the rulings in the foregoing opinion.